**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-21216-GAYLES/Elfenbein

**LOOSLY CHARLES**,

Plaintiff,

v.

**RETINA MACULA SPECIALISTS OF MIAMI, LLC**,

Defendant.
_______________________________________/

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Defendant Retina Macula Specialists of Miami, LLC's ("Defendant") Motion to Quash Service of Process, Vacate Orders, and Set Aside Clerk's Entry of Default and Incorporated Memorandum of Law (the "Motion"), ECF No. [37]. Plaintiff Loosly Charles ("Plaintiff") proceeding *pro se*, filed an Opposition to Defendant's Motion to Vacate Clerk's Default and Motion for Extension of Time (the "Response")[1], ECF No. [38]. Defendant subsequently filed a Reply to Plaintiff's Opposition to Defendant's Motion to Vacate Clerk's Default and Motion for Extension of Time (the "Reply"), ECF No. [48].

The Honorable Darrin P. Gayles referred this matter to the undersigned "for a ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive

[1] The Court notes that it ruled on the portion of the Motion requesting an extension of time to respond to the Motion for Default Judgment. *See* ECF No. [44]. The Court struck the two previously filed motions for default judgment and allowed Defendant an extension of time to respond to the operative Motion. *See* ECF Nos. [43] and [44]. As such, the Court will now only issue a Report and Recommendations on the outstanding portions of the Motion regarding vacatur of the Clerk's Entry of Default.

matters." ECF No. [11]. Having reviewed the Parties' filings, the record, and the relevant law, the undersigned respectfully recommends that the Motion, **ECF No. [37]**, be **GRANTED.**

## I. BACKGROUND

This case, while only seven months old, already has a convoluted procedural history. It started on February 24, 2026 when Plaintiff filed a three-count Complaint (the "original Complaint") against Defendant alleging that it violated 42 U.S.C. § 2000d *et seq*; 42 U.S.C. § 18116; and retaliated against him. *See* ECF No. [1]. The Clerk of Court issued the Summons as to Defendant on April 13, 2026, *see* ECF No. [18], and the docket reflects the Summons was served three days later, on April 16, 2026. *See* ECF No. [22].[2] The Court thereafter issued an Order to Show Cause on April 22, 2026, directing Plaintiff to explain why the Court should not dismiss the Complaint for lack of standing, *see* ECF No. [21], and in response, Plaintiff filed the First Amended Complaint ("Amended Complaint"), ECF No. [24], on April 29, 2026. As of this filing, Defendant had not yet appeared in the case.

Thereafter, Plaintiff filed a Motion for Clerk's Default Against Defendant (the "First Motion for Entry of Clerk's Default"), ECF No. [26], on May 7, 2026, and the Clerk denied it as premature that same day. *See* ECF No. [27]. Plaintiff subsequently filed a Motion for Clerk's Default, ECF No. [29], on May 8, 2026, which the Clerk granted (the "Entry of Default"). *See* ECF No. [30]. Plaintiff then filed a Motion for Final Default Judgment (the "Motion for Default Judgment"), ECF No. [34], on May 19, 2026. Three days later, on May 22, 2026, counsel for Defendant appeared in the case and filed the Motion. *See* ECF Nos. [35] and [37].

In the Motion, Defendant presents four grounds for vacatur of the Clerk's Entry of Default. First, it argues that the Clerk entered default before its deadline to respond to the Amended

[2] Plaintiff appears to have filed a duplicate of the return of service on the docket on May 7, 2026, at ECF No. [25].

Complaint elapsed, so the Clerk did not have authority to enter default; and this procedural deficit alone should be sufficient for vacatur. *See* ECF No. [37] at 7. Defendant asserts that under Federal Rule of Civil Procedure 15(a)(3), its deadline to respond to the Amended Complaint would have been May 13, 2026, assuming that Plaintiff served it with the Amended Complaint on April 29, 2026. *See id*. Accordingly, Defendant's response clock for the Amended Complaint never began ticking because Plaintiff failed to serve the Amended Complaint under Rule 4 or 5, and no such return of service reflecting such service is on the docket. *See id*. at 8-10.

Next, Defendant asserts that Plaintiff obtained Entry of Default by making material misrepresentations in each of his motions making the request. *See id*. at 10-11. Defendant notes the first misrepresentation was in the First Motion for Entry of Clerk's Default, where Plaintiff indicated that he served the Amended Complaint on April 16, 2026 — a factual impossibility because Plaintiff did not file the Amended Complaint until April 29, 2026. *See id*. at 10. The second material misrepresentation is Plaintiff's reference to ECF No. [12] as an executed return of service. *See id*. Defendant argues that this document is a preservation of rights, not a return of service. *See id*. Defendant characterizes this mistake as a "misidentification of the very foundation on which the Clerk's authority to enter default rests." *See id*. at 10-11.

Finally, Defendant asserts that, in the alternative, it meets all four factors to establish good cause for vacatur under Rule 55(c). *See id*. at 11. Defendant contends its default was not willful, any delay in responding was from a good-faith miscommunication, and Plaintiff would not face any prejudice from vacatur given the early stage of the proceedings. *See id*. at 14. Further, Defendant argues that it presents meritorious defenses in the attached Motion to Dismiss for lack of standing that it intends to file upon vacatur. *See id*. at 14-15.

In the Response, Plaintiff contests that there is good cause to vacate the Clerk's Entry of Default. *See* ECF No. [38] at 5. He asserts that Defendant's default was willful, and the affidavit attached to the Motion indicates Defendant knew of the litigation, that a response was required, and that it consulted counsel and its insurance company, but still failed to act. *See id*. at 5-6. He further contends that service was proper under Rule 4 and even if it was defective, Defendant had actual notice of the lawsuit. *See id*. at 6-7. Next, Plaintiff asserts that Defendant fails to present meritorious defenses and that he will be prejudiced if the Court vacates the Clerk's Entry of Default. *See id*. at 7-9. Finally, he argues that denying the Motion would further the interests of justice. *See id*. at 10.

In the Reply, Defendant sets forth five main arguments in support of the Motion. *See* ECF No. [48]. First, it argues that Plaintiff failed to rebut the arguments regarding his misrepresentations to the Clerk of Court. *See id*. at 4. Defendant argues that the Court should consider the "misrepresentation documented on this record" when analyzing the Clerk's Entry of Default. *See id*. Similarly, Defendant argues that Plaintiff fails to address its argument that the Clerk entered default days before the response deadline under Rule 15(a)(3). *See id*. at 5. Third, Defendant contends that Plaintiff misstates controlling Eleventh Circuit case law regarding meritorious defenses and that the applicable standard is much more lenient than Plaintiff suggests. *See id*. at 6. Defendant argues that, by including a proposed Motion to Dismiss based on standing, it meets even the most stringent interpretation of the meritorious defense standard. *See id*. at 6. Fourth, Defendant asserts that Plaintiff's filings contain a "pattern of citation errors" that the Court should closely review. *See id*. at 8. Defendant includes examples of Plaintiff's filings with allegedly fabricated case law and quotes. *See id*. at 8-10. Finally, Defendant asserts that the

timeline of Plaintiff's filings is consistent with unverified AI-generated content, warranting closer scrutiny by the Court. *See id*. at 10-11.

## II. LEGAL STANDARDS

### A. Vacating a Clerk's Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55 (a). A court "may set aside an entry of [clerk's] default for good cause." Fed. R. Civ. P. 55(c). The good cause standard used in setting aside a clerk's entry of default is less stringent than the required showing to set aside a default judgment. *See E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990); Fed. R. Civ. P. 60(b). As the Eleventh Circuit has explained:

> Good cause is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. We recognize that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not talismanic, and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951–52 (11th Cir. 1996) (quotation marks and citations omitted).

Because "there is a strong policy of determining cases on their merits," courts in this Circuit "view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015)

("Because of our strong policy of determining cases on their merits, however, default judgments are generally disfavored." (quotation marks omitted)); *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Can.*, 674 F.2d 1365, 1369-70 (11th Cir. 1982) (noting that "default judgments are disfavored" and that "the federal rules favor a decision on the merits" and "[c]ourts prefer adjudication on the merits"). "For that reason, any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief." *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008); *see also Davis v. Parkhill–Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962)[3] ("[A]ny doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." (quotation marks omitted)); *Chunara v. SOL Glob. Invs. Corp.*, No. 22-CV-22167, 2023 WL 3171995, at *3 (S.D. Fla. Apr. 3, 2023) (same). A defendant need only make "a bare minimum showing to support relief under Rule 55(c)." *See Jones v. Harrell*, 858 F.2d 667, 668-69 (11th Cir. 1988) (explaining that a district court did not abuse its discretion by setting aside a clerk's default when a defendant "had made a bare minimum showing to support relief under Rule 55(c)").

**B. Service of Process**

"[A]n individual or entity 'is not obliged to engage in litigation unless officially notified of the action under a court's authority, by formal process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 925 (11th Cir. 2003) (alterations adopted) (quoting *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)); *see also De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 749 (11th Cir. 2016). Official

---

[3] In *Bonner v. City of Prichard, Alabama*, the Eleventh Circuit stated: "We hold that the decisions of the United States Court of Appeals for the Fifth Circuit . . . , as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." 661 F. 2d 1206, 1207 (11th Cir. 1981).

notification happens by service of process under Rule 4. *See, e.g.*, *Prewitt Enters., Inc.*, 353 F.3d at 921 ("By definition, 'service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946))); *Henderson v. United States*, 517 U.S. 654, 672 (1996) (noting that Rule 4 governs service and that "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections"); *Banco Latino, S.A.C.A. v. Gomez Lopez*, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999) ("The principle purpose of the service of process rule is to give the defendant notice that an action has been initiated.").

Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990); *see also Banco Latino*, 53 F. Supp. 2d at 1281 ("[O]nce a defendant has actual notice of the pendency of an action, the requirements of Fed. R. Civ. P. 4 are to be liberally construed."). But service of process that is not in "substantial compliance" with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."); *Prewitt Enters., Inc.*, 353 F.3d at 925 (holding that, "even though [the defendant] had actual notice of the filing of the suit, service of process was ineffective because it was clearly not in substantial compliance with the requirements" of Rule 4(f)(2)); *id.* at 925 n.14 (explaining that other courts considering whether service of process was adequate also concluded that "actual notice alone was not enough to allow the court personal jurisdiction over the defendant"). While

actual notice of the lawsuit is not alone enough to confer personal jurisdiction over a party, "receipt of actual notice is an important factor in considering whether service of process is adequate." *Prewitt Enters., Inc.*, 353 F.3d at 925 n.14.

## II. DISCUSSION

The Court starts by noting that Defendant contends its procedural arguments regarding service and premature Entry of Default are enough to grant the Motion without conducting a good cause analysis. However, Defendant points to no case law explaining that the Court may analyze these procedural grounds in lieu of good cause under Rule 55(c). Indeed, these arguments are to be analyzed in the context of good cause, not in its place. *See Compania Interamericana*, 88 F.3d at 951 (explaining that the willfulness, prejudice, and meritorious defense factors are not "talismanic"; courts may consider other factors; and "[w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default.") (citation and internal quotation marks omitted). As such, the Court first addresses whether Defendant establishes good cause under Rule 55(c) to vacate the Clerk's Entry of Default. Then, the Court will turn to Plaintiff's use of unverified artificial intelligence ("AI") generated content.

### A. Good Cause Exists Under Rule 55(c) for Vacatur of the Clerk's Entry of Default

The Court first finds that good cause exists to set aside the default. Starting with the text of Rule 55(c), it provides that a court "may set aside an entry of default for good cause." The Eleventh Circuit has explained that the good cause standard is a "mutable" and "liberal" one, but it is not "so elastic as to be devoid of substance." *Id.* at 951–52. Courts considering whether to set aside a default typically evaluate various non-exclusive factors, such as whether the default was culpable or willful, whether setting it aside would prejudice the non-defaulting party, and

whether the defaulting party presents a meritorious defense. *See id*. at 951. Other relevant considerations include whether the public interest is implicated, whether the defaulting party acted promptly, and whether there would be significant financial loss. *Id*. Still, when a party "willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *See id* at 951–52. Here, Defendant asserts that the Clerk's Entry of Default was improper, Plaintiff failed to serve the Amended Complaint, default was not willful, vacatur will not prejudice Plaintiff, and Defendant has meritorious defenses. The Court addresses each argument in turn.

**a. The Clerk Prematurely Entered Default Against Defendant**

First, the Court finds that the Clerk prematurely entered default against Defendant. Rule 55(a) provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). For the Clerk to enter default, "the party must have been served with process and then have failed to 'plead or otherwise defend' against the action within the time allotted by the rules." *Edwards v. BMO Harris Bank*, NA, No. 23-CV-1577-CEH-JSS, 2023 WL 6123269, at *1 (M.D. Fla. Sept. 19, 2023) (quoting *Gilbert v. City of Pine Lake, Ga.*, No. 19-12585, 2022 WL 1162087, at *5 (11th Cir. Apr. 20, 2022)).

Turning first to service of process, the Court finds that Plaintiff failed to properly serve Defendant with the Amended Complaint. An amended complaint supersedes the original one. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case." (quotation marks omitted)); *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021) ("An amended complaint supersedes and replaces the original

complaint."). Rule 5 states, in pertinent part, that "a pleading filed after the original complaint" "must be served" on all Parties. Fed. R. Civ. P. 5(a)(1)(B). "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Here, Defendant does not contest that service of the original Complaint was proper; however, Defendant argues that the Amended Complaint did not exist on the date service was effectuated and Plaintiff never served Defendant with the Amended Complaint. *See* ECF No. [37] at 8. Plaintiff summarily argues in his Response that service was proper under Rule 4(e)(2)(A). His argument, however, fails because the Amended Complaint supersedes the original Complaint, so Plaintiff should have served Defendant with a copy of it pursuant to Rules 4 and 5. *See* Fed. R. Civ. P. 5(a)(1)(B); Fed. R. Civ. P. 4. Because Plaintiff failed to serve the Amended Complaint on Defendant, the Rule 15(a)(3) response clock never began running. *See* *Oxebridge Quality Res. Int'l, LLC v. LaBelle*, No. 20-CV-2176-CEH-SPF, 2023 WL 3227154, * 4 (M.D. Fla. May 3, 2023) (holding that defendant who was not served with amended pleading could not be "defaulted based on his failure to respond by a deadline that may not even exist" and that plaintiffs failed to establish defendant was served with the pleading on which they sought default judgment).

Plaintiff's assertion that, even if service was defective, Defendant had actual notice of the lawsuit also fails. *See* ECF No. [38] at 7. Improper service is not "cured merely because a Defendant had 'actual notice of the lawsuit.'" *Zand Bank P.J.S.C. v. Ibanera LLC*, 2026 WL 2144569, at *4 (S.D. Fla. July 27, 2026) (citation and quotations omitted). Regardless of any actual notice, default is not appropriate here where service was not properly effectuated. *See id.* And here, the docket does not reflect that Plaintiff served Defendant with the Amended Complaint before moving for a Clerk's Entry of Default under Rule 55(a). Defendant should have been given

an opportunity to respond to the operative pleading before entry of default on it. *See Est. of Faull by Jacobus v. McAfee*, 727 F. App'x 548, 552 (11th Cir. 2018). Thus, Plaintiff's failure to serve the Amended Complaint weighs in favor of finding good cause for vacatur.[4]

Next, the Court finds that the Clerk prematurely entered default against Defendant. Plaintiff filed the original Complaint on February 23, 2026. *See* ECF No. [1]. He filed proof of service on the docket indicating that the process server served Defendant with a copy of the Summons and original Complaint on April 16, 2026. *See* ECF No. [22]. Defendant does not dispute that this constitutes proper service of the original Complaint. At this point, Defendant had not yet appeared in the case. Under Rule 12(a)(1)(A)(i), Defendant's response to the original Complaint was due on May 7, 2026 — twenty-one (21) days after service of the original Complaint and Summons. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On April 29, 2026, Plaintiff filed the Amended Complaint, in response to the Court's April 22, 2026 Order to Show Cause, which made the original Complaint a nullity. *See* ECF Nos. [23] and [24]. As Defendant correctly notes, Plaintiff never served it with the Amended Complaint. Under Rule 15(a)(3), "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Plaintiff erroneously moved for Clerk's Entry of Default based on the time to respond to the original Complaint, which by then had been superseded by the Amended Complaint, and the Clerk improperly entered default before any response to the Amended Complaint was due. *See* ECF Nos. [29] and [30]. In his Response, Plaintiff does not

[4] The Court notes that Plaintiff does not respond to Defendant's assertion that even if the "default exception" to Rule 5 applied, the Amended Complaint asserts new claims necessitating service under Rule 4, as required by Rule 5(a)(2). Because Plaintiff concedes the point, and because the Court finds that Plaintiff filed the Amended Complaint before Defendant's 21-day window to respond to the original Complaint had closed, the Court need not address it.

contest that the Clerk's Entry of Default was premature, so he has waived this argument. The Court finds this factor weighs in Defendant's favor for establishing good cause under Rule 55(c).

**b. Defendant's Default was not Willful**

Regarding the willfulness factor, the Court finds that Defendant's default was a result of mistake or confused litigation strategy, not willfulness. A party willfully defaults when it displays "either an intentional or reckless disregard for the judicial proceedings . . ." *ACF-AI Origination, LLC v. Tiendas Soriana S.A. de C.V.*, No. 24-CV-22606, 2025 WL 1179356, at *1 (S.D. Fla. Apr. 22, 2025). Defendant asserts that default was not willful because it was the result of a genuine misunderstanding between it and outside counsel regarding litigation strategy and that Defendant acted promptly to correct the default. *See* ECF No. [37] at 13. Contrastingly, Plaintiff argues that Defendant's default is willful because it admitted through the Declaration of Gelien Perez (the "Perez Declaration") that it knew of the lawsuit, consulted counsel and its insurance provider, and failed to respond. *See* ECF No. [38] at 5-6. And while Plaintiff contends that the admission in the Perez Declaration is "dispositive" and "confirms" willfulness, the Court disagrees.

The case law Plaintiff cites is generally based on vacatur of final default judgment, largely out of circuit, and does support his contentions. *See e.g.* ECF No. [37] at 5-6. Further, the Perez Declaration provides important context for the Court — that there seemed to be a genuine misunderstanding regarding which law firm would handle the defense. It explains that Defendant's Director of Compliance and Human Resources tendered the claim to insurance after learning of the original Complaint and lawsuit; discussed the matter with outside counsel; and believed outside counsel had entered an appearance and was monitoring the case. *See* ECF No. [37] at 20-21. Ms. Perez then indicates she received the Clerk's Entry of Default via regular mail on May 19, 2026, contacted outside counsel again, and subsequently learned that her belief that

outside counsel entered an appearance and responded to the Complaint was wrong. On that same day, she was introduced to current counsel, who entered an appearance the next day. *See id.* at 21.

The Court finds that the delay in the case resulted from mistake and confused litigation strategy, neither of which will vitiate good cause. *See Sec. & Exch. Comm'n v. Arbitrade Ltd.*, No. 22-CV-23171, 2023 WL 2897324 (S.D. Fla. Apr. 11, 2023) (collecting cases). Moreover, the Court agrees with Defendant that it acted rapidly to correct the default by filing the instant Motion seeking to vacate the Entry of Default and did so within two weeks of its entry. The Court also notes that counsel entered an appearance on May 22, 2026 — two days after Defendant retained him — and filed the Motion on the same day. *See* ECF Nos. [35] and [37]. *See S.E.C. v. Altomare,* No. 14-CV-61196, 2014 WL 4388614, *2 (S.D. Fla. Sept. 5, 2014) (finding motion to vacate clerk's default filed less than two weeks after entry of default was "a prompt response" and "short delay" that would not prejudice plaintiff); *Joseph v. Mortg. Experts of S. Fla., Inc.*, No. 12-CV-23884, 2013 WL 2384247, *2 (S.D. Fla. May 30, 2013) (explaining that "[d]efendant's due diligence in finding a lawyer when it was brought to their attention that one was needed is evidence that no ill will was involved in the reason for delay."). Accordingly, the Court finds Defendant did not willfully default, so this factor weighs in favor of finding good cause under Rule 55(c).

**c. Vacatur Will Not Prejudice Plaintiff**

Next, the Court finds that vacating entry of the Clerk's default will pose no prejudice to Plaintiff. "In assessing prejudice to the non-defaulting party, the relevant inquiry 'is whether prejudice results from the delay, not from having to continue to litigate the case.'" *Zand Bank P.J.S.C.*, 2026 WL 2144569 at *5 (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009)). Allowing a case to proceed while in its earliest stages is consistent with the Eleventh Circuit's "strong preference that cases be heard on the merits." *See*

*id*. (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

Here, Plaintiff simply states in a conclusory fashion that prejudice includes "loss of evidence, increased difficulty of discovery, unnecessary litigation costs," and "delay affecting the ability to obtain relief." *See* ECF No. [37] at 8. He fails to explain how these apply to him here. And while *pro se* filings should be construed liberally, the Court will not supply arguments where there are none. *See Acquisto v. Secure Horizons ex rel. United Healthcare Ins. Co.*, No. 08-CV-847-FTM-29, 2011 WL 6780870, at *9 (M.D. Fla. Dec. 27, 2011), *aff'd*, 504 F. App'x 855 (11th Cir. 2013) ("Although courts generally construe pro se pleadings liberally, the Court will not 'construct arguments or theories for the plaintiff in the absence of any discussion of those issues.'") (citation omitted).

Moreover, Plaintiff summarily asserts that he has already suffered "significant delay and expense due to Defendant's inaction," *see id*. at 9, but provides no explanation for this. To the contrary, there is no suggestion that the brief delay here caused evidence loss or increased discovery difficulties, especially since no scheduling order has been entered and discovery has not yet commenced. *See Suntrust Bank v. Armsey,* No. 9-CV-80606, 2010 WL 731802, *2 (S.D. Fla. Feb. 26, 2010). Indeed, the Eleventh Circuit has held that "there is no prejudice in requiring a plaintiff to prove his or her case." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018).[5] The Court notes that Plaintiff fails to respond to Defendant's contention that it will suffer a "significant financial loss" if the Court enters final default judgment against it based on the Clerk's "improperly entered [d]efaults." Because the Court has already found that Plaintiff

---

[5] Plaintiff asserts that the interests of justice favor denying the Motion, but the authority he relies on does not support his contention. Further, Plaintiff's argument that allowing a party to ignore deadlines and "escape consequences undermines the integrity of the judicial process" fails for the reasons explained above. The Court notes that the law is not so draconian. Mistakes happen and safeguards, such as Rule 55(c), account for these.

will not suffer prejudice from vacatur, it need not address this conceded point. Accordingly, the Court finds Plaintiff will not suffer prejudice as a result of the delay, so this factor weighs in favor of a finding of good cause under Rule 55(c).

**d. Defendant Presents a Meritorious Defense**

Finally, the Court finds Defendant has presented a meritorious defense to the instant action. Unlike the "meritorious defense" standard applied in the context of vacating a default judgment, "which requires the movant to 'make an affirmative showing of a defense that is likely to be successful,'" on a motion to set aside a clerk's default, a defendant need only show "'a hint of a suggestion' that the case has merit.'" *ACF-AI Origination, LLC*, 2025 WL 1179356, at *2 (internal citations omitted) (finding that a "mere suggestion" that forged documents tainted the plaintiff's claims was enough to establish a meritorious defense); *see also Go Relax Travel, LLC v. Process Am., Inc.*, No. 12-CV-2086, 2012 WL 13014700, at *2 (S.D. Fla. July 13, 2012) ("Likelihood of success is not the measure with respect to the sufficiency of a meritorious defense when weighing a vacatur of the Clerk's entry of default. . . Here, [the defendant] provided that suggestion by asserting that it substantially complied with its obligations under the applicable agreements."). Under this standard, the Court need "only engage in the limited inquiry of whether [Defendant's] allegations are entirely devoid of merit." *Lopez v. Colonial Grp. of Am. Corp.*, No. 12-CV-22208, 2013 WL 1503260, at *2 (S.D. Fla. Apr. 12, 2013) (citations omitted).

Here, Defendant meets this minimal threshold. It asserts that the allegations in the Amended Complaint are "meritless and without factual basis;" that Plaintiff lacks standing to sue; and it attaches a proposed Motion to Dismiss that fleshes out its position. *See* ECF No. [37] at 14. Upon the Court's review of the proposed Motion to Dismiss, it finds that Defendant's arguments that Plaintiff suffered no injury in fact thereby lacking standing to sue meets the low bar for

establishing a meritorious defense under the Rule 55(c) good cause analysis. In other words, Defendant's proposed Motion to Dismiss demonstrates that it has colorable arguments to assert its defense. *See Lopez*, 2013 WL 1503260, at *2. Plaintiff's argument that Defendant fails to provide facts, documents, legal authority, and a proposed answer fails. First, Defendant attaches a proposed Motion to Dismiss as detailed above. *See* ECF No. [37] at 23-30. A Motion to Dismiss is an acceptable response to a Complaint in lieu of an answer. *See* Fed. R. Civ. P. 12(b). Second, the authority Plaintiff relies on is either out of Circuit or based on the wrong procedural posture. At this stage, only a Clerk's Entry of Default has been entered, not a final default judgment, so a liberal standard applies. *See E.E.O.C.*, 896 F.2d 524 at 528; Fed. R. Civ. P. 60(b). As such, Defendant has presented a meritorious defense, weighing in favor of good cause under Rule 55(c) to vacate the Clerk's Entry of Default.

For the reasons explained above, the Court finds that Defendant has established good cause under Rule 55(c) and recommends that the Clerk's Entry of Default be vacated.

**B. Plaintiff's Use of Unverified AI-Generated Content**

The Court ends its analysis by noting that Plaintiff cites to various cases for certain propositions that do not support his arguments, leading the Court to suspect that he used AI to write them. Defendant also makes this argument, listing fabricated quotes from several cases.[6] For example, Plaintiff quotes the following language from *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998): "was aware of the lawsuit and deliberately chose not to respond." This quote, as Defendant notes, appears nowhere in the opinion. The Court agrees that it is fabricated.

[6] The Court notes that Defendant cites to several examples of Plaintiff's use of unverified AI-generated content throughout the docket. *See* ECF No. [48] at 8-11. The Court only addresses the citations contained within the Response to the Motion.

Next, Plaintiff quotes the word "monitoring" from *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) to explain that courts "reject excuses based on assumptions that someone else was 'monitoring' the case." *See* ECF No. [38] at 6. Defendant indicates that the word "monitoring" does not appear anywhere in the case, and the Court agrees. As a third example, Plaintiff cites *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) to support his proposition that courts "treat failure to file a proposed Answer as strong evidence that no defense exists." *See* ECF No. [37] at 8. As Defendant correctly notes, the word "answer" only appears in the following sentence in that opinion: "When he went to the defendant's home, the woman who answered the door said that Kane was at work." *See Berthelsen*, 907 F.2d at 619. This goes without saying that it is the wrong context for the word "answer."

Defendants cites several other examples, but the Court need not belabor the point. To the extent that Plaintiff has used AI to draft his Response, the Court cautions him that he is responsible for checking each citation and quotation in his filings to verify that they indeed stand for such propositions prior to filing them with the Court. To the extent that he personally researched and read this case law and drafted the Response himself without the use of AI, he is admonished against misrepresenting the content of cases in his filings. Either way, if Plaintiff misstates the contents of case law in his future filings, he is warned that he may be subject to sanctions under Federal Rule of Civil Procedure 11(b) and (c)(3).

## IV. CONCLUSION

Accordingly, I respectfully **RECOMMEND** the following:

1. The Motion, **ECF No. [37]**, be **GRANTED** and Defendant be ordered to file a response to the Amended Complaint within 21 days of the Court's Order;
2. The Clerk's Entry of Default, **ECF No. [30]**, be **VACATED**;

3. Plaintiff's Motion for Final Default Judgment, **ECF No. [34]**, be **DENIED as MOOT**;
4. The Motions related to Plaintiff's Motion for Final Default Judgment, ECF No. [34], also be disposed of as follows:
    a. Defendant's Motion for Leave to File Sur-reply in Opposition to "Plaintiff's Motion for Final Default Judgment," **ECF No. [69]**, be **DENIED as MOOT**;
    b. Plaintiff's Motion for Leave to File Notice of Pending Motion, **ECF No. [83],** be **DENIED as MOOT**;
    c. Plaintiff's Motion for Leave to File Enforcement Request, **ECF No. [86]**, be **DENIED as MOOT**; and
    d. Plaintiff's Motion for Leave to File Motion to Expedite Ruling on ECF No. 34, **ECF No. [92],** be **DENIED as MOOT**.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on September 14, 2026

______________________________
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

**Loosly Charles**
7962 NW 5th Court
Miami, FL 33150
Email: charlesl456@yahoo.com
*PRO SE*