**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-21216-GAYLES/ELFENBEIN**

**LOOSLY CHARLES**,

Plaintiff,

v.

**RETINA MACULA SPECIALISTS**
**OF MIAMI, LLC**,

Defendant.
_________________________________/

# ORDER

**THIS CAUSE** comes before the Court on Defendant Retina Macula Specialists of Miami, LLC's ("Defendant") Motion to Vacate Clerk's Default, Motion for Extension of Time to Respond to Plaintiff's Motions for Default Judgment, and Memorandum of Law in Support (the "Motion"), [ECF No. 37].[1] The action was referred to Magistrate Judge Marty Fulgueira Elfeinbein, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 11]. On September 14, 2026, Judge Elfeinbein issued a Report and Recommendation which recommended that the Motion be granted (the "Report"). [ECF No. 95]. No party has filed objections to the Report.[2]

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which

[1] The Court has already ruled on the portion of the Motion requesting an extension of time to respond to the Motion for Default Judgment. *See* [ECF No. 44]. As such, the Court's instant Order only rules on the outstanding portions of the Motion regarding vacatur of the Clerk's Entry of Default.

[2] Plaintiff filed a Response to the Report indicating that he requests that the Court adopt the Report. [ECF No. 98 at 4]. Defendant has not filed any objections to the Report.

objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has reviewed the Report for clear error and agrees with Judge Elfenbein's well-reasoned analysis and findings. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

(1) Judge Elfenbein's Report and Recommendation, [ECF No. 95], is **ADOPTED in full**;

(2) Defendant's Motion to Vacate Clerk's Default, [ECF No. 37], is **GRANTED**;

(3) The Clerk's Entry of Default, [ECF No. 30], is **VACATED**;

(4) Plaintiff's Motion for Final Default Judgment, [ECF No. 34] is **DENIED as MOOT**;

(5) Defendant's Motion for Leave to File Sur-reply in Opposition to "Plaintiff's Motion for Final Default Judgment," [ECF No. 69] is **DENIED as MOOT**;

(6) Plaintiff's Motion for Leave to Strike ECF 79 to Comply with the Court's Paperless Order, [ECF No. 80] is **DENIED as MOOT**;

(7) Plaintiff's Motion for Leave to File Notice of Pending Motion, [ECF No. 83], is **DENIED as MOOT**;

(8) Plaintiff's Motion for Leave to File Enforcement Request, [ECF No. 86], is **DENIED as MOOT**;

(9) Plaintiff's Motion for Leave to File Motion to Strike Scandalous and Impertinent Material from Defendant's Response (ECF No. 89), [ECF No. 91], is **DENIED as MOOT**;

(10) Plaintiff's Motion for Leave to File Motion to Expedite Ruling on ECF 34, [ECF No. 92], is **DENIED as MOOT**;

(11) Defendant shall file a response to the Amended Complaint within twenty-one (21) days of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE